Dear Senator Dirck:
You have requested an opinion as to whether unemployment compensation payments by contributing and reimbursing employers to the Division of Employment Security under Chapter 288 RSMo fall within the definition of total state revenues contained in Section 17, Article X of the Missouri Constitution adopted on November 4, 1980.
In pertinent part, Section 17, Article X provides as follows:
 (1) `Total state revenues' includes all general and special revenues, license and fees, excluding federal funds, . . .
We note, first, that total state revenues is defined to include among other things, "all general and special revenues". We believe, therefore that the proper answer to your inquiry lies in a determination of whether unemployment compensation payments received by the Division of Employment Security may properly be termed general or special revenues.
Because the Hancock Amendment, enacted as Sections 16 through 24 of Article X, provides no further guidance as to the definition of "revenues", we may look to prior decisional law in this state to aid in interpretation.
Not all money which the state or its agencies might touch constitutes revenue of the state or state money. Thompson v.Board of Regents for Northeast Missouri State Teachers' College,264 S.W. 698 (Mo. banc 1924) involved a writ of mandamus sought by the state treasurer to compel the board of regents to pay into the state treasury proceeds of fire insurance policies purchased by the board from student fees. Relator insisted that the proceeds were state money and relied principally upon a provision of the 1875 Constitution which required that all revenue collected and money received by the state from any source whatsoever shall go into the state treasury. Were the proceeds "revenue collected by the state"?
 By revenue, whether its meaning be measured by the general or the legal lexicographer, is meant the current income of the state from whatsoever source derived which is subject to appropriation for public use. (emphasis supplied)
The court continued:
 . . . [N]o matter from what source derived, if required to be paid into the treasury, it becomes revenue or state money; its classification as such being dependent upon specific legislation enacted, or . . . state money means money the state, in its sovereign capacity, is authorized to receive . . . (emphasis supplied)
The language of the Thompson case, restricting revenue to those sums collected by the state and subject to appropriation for public purposes has been adopted without change in subsequent decisions. See Gass v. Gordon, 181 S.W. 1016 (Mo. 1915) (in which the court defined "revenue") and New Franklin School District #28v. Bates, 225 S.W.2d 769 (Mo. 1950) (involving inclusions in "state revenue").
By contrast, we note the peculiar treatment afforded the bulk of payments made under Missouri's unemployment compensation law, contained in Chapter 288 RSMo. Section 288.290 establishes "a special fund, separate and apart from all public moneys or funds of this state" into which contributions are deposited. The treasurer of the fund is not the state treasurer, but is instead an appointee of the director of Employment Security. Further, immediately after clearance — 48 hours in practice — all payments are deposited in the United States Treasury to the credit of the fund established by Section 288.290. Once deposited with the federal treasury, withdrawals may be effected only by requisition of the director and only for two purposes. The first of these is such payment of benefits as may be necessary, which payment is accomplished by the treasurer of the fund upon order of the director without benefit of legislative directive. The second relates to the payment of expenses incurred in connection with the administration
of Chapter 288, which payment, however much be preceded by aspecific appropriation by the legislature according to Section288.290.5.
We conclude, therefore, that the portion of the unemployment compensation fund used to pay benefits under Chapter 288 does not constitute a general or special revenue of the state for purposes of Section 17, Article X of the Missouri Constitution. That portion of contributions to the unemployment compensation fund which — pursuant to an appropriation — goes to defray administrative expenses of the Division of Employment Security under Chapter 288, should be included in the computation of total state revenues.
CONCLUSION
It is the opinion of this office that only such sums as are expended from the unemployment compensation fund for payment of administrative expenses pursuant to an appropriation by the legislature are properly includable in the definition of total state revenues found in Section 17, Article X of the Missouri Constitution.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Christopher M. Lambrecht.
Very truly yours,
 JOHN ASHCROFT Attorney General